IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HARLAND BOOSINGER,<br>Personal Representative of the<br>Estate of Zachary Taylor Lemley,<br>Deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>KATHLEEN GRAHAM and<br>DALE GRAHAM,<br><br>        Defendants. | Case No. 06-0391-CV-W-ODS |

ORDER AND OPINION DENYING MOTION TO DISMISS

    Pending is Defendants' Motion to Dismiss (Doc. #33). For the following reasons, the Motion is denied.

## I. BACKGROUND

    Plaintiff filed the instant action in the Circuit Court of Johnson County, Missouri, and Defendant removed the action on May 5, 2006. Plaintiff's Amended Petition for Discovery of Assets alleges four separate theories of recovery of assets allegedly taken by Defendant Kathleen Graham, and a claim to set aside a fraudulent conveyance of Plaintiff's assets made by Defendant Kathleen Graham to her husband, Defendant Dale Graham. Defendants argue Plaintiff's claims of fraud should be dismissed, as the allegations are not pled with particularity.

## II. DISCUSSION

    Defendants' Motion is entitled "Motion to Dismiss", but the body of the motion requests the Court "enter summary judgment" under Federal Rule 56 and Local Rule 56.1.. Plaintiff first argues Defendants' motion should be denied for failure to follow Federal Rule 56 and Local Rule 56.1, which require the motion have "a concise

statement of uncontroverted material facts." However, Federal Rule 56 and Local Rule 56.1 apply only to Motions for Summary Judgment. Despite the aforementioned introductory language, Defendants are seeking dismissal for violating Federal Rule 9 by failing to plead averments of fraud with particularity. Accordingly, the Court will treat the instant motion as a Motion to Dismiss, which makes the statement of facts, or lack thereof, irrelevant.

Plaintiff's claim is not one for fraud, so Rule 9 does not apply. A discovery of assets proceeding brought under Section 473.340 RSMo. is similar to common law actions of trover or conversion. <u>Beverly Sue Ryan, P.A., Conservator for the Estate of Ruth Spiegelhalter v. William Spiegelhalter,</u> 64 S.W. 3d 302, 305-306 (Mo. 2002). In discovery of assets claims, "the petition shall describe the property, if known, and shall allege the nature of the interest of the petition; it shall allege that title or possession of the property, or both, are adversely held or claimed." <u>Id</u> at 308. Moreover, the pleadings must simply give reasonable notice of the nature and extent of the claim. <u>Id</u>. Plaintiff sets forth specific assets, including specific investment accounts at Dain Rauscher, and a check issued by the United States Government in the amount of $5,3920.40, which reasonably describing the property at issue, giving Defendants notice as to the extent of the claim.

### III. CONCLUSION

Accordingly, Defendants' Motion to Dismiss is denied.


IT IS SO ORDERED.     /s/ Ortrie D. Smith
                      ORTRIE D. SMITH, JUDGE
DATE: May 7, 2007     UNITED STATES DISTRICT COURT